UNITED STATES, Appellee,

v.

Wayne E. STRINGFELLOW, Machinist's
Mate Fireman Apprentice, U.S.
Navy, Appellant.

No. 65,573.
NMCM 89 2746.

U.S. Court of Military Appeals.

Submitted Jan. 11, 1991.

Decided May 20, 1991.

For Appellant: *Commander Adam K. Llewellyn*, JAGC, USN, and *Lieutenant Tamara A. Massengale*, JAGC, USNR.

For Appellee: *Commander Thomas W. Osborne*, JAGC, USN, and *Lieutenant Kirk A. Ludwig*, JAGC, USNR.

*Opinion of the Court*

EVERETT, Senior Judge:

Pursuant to his pleas, Stringfellow was convicted by a military judge, sitting as a special court-martial, on a specification alleging wrongful use of cocaine and amphetamines/methamphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.* The judge sentenced appellant to a bad-conduct discharge, 45 days' confinement, forfeiture of $400.50 pay per month for 1 month, and reduction to the lowest enlisted grade. The convening authority reduced the amount of the forfeiture to $400 but otherwise approved these results. The Court of Military Review affirmed. 31 MJ 697 (1990).

We granted Stringfellow's petition for review to consider this issue:

> WHETHER AN ACCUSED WHO INGESTS WHAT HE BELIEVES IS ONLY COCAINE MAY BE FOUND GUILTY OF USING COCAINE AND AMPHETAMINE / METHAMPHETAMINE WHEN HE WAS UNAWARE THAT THE COCAINE HE KNOWINGLY INGESTED CONTAINED THE SECOND CONTROLLED SUBSTANCE.

We answer this issue in the affirmative; and so we affirm.

During the providence inquiry, Stringfellow acknowledged that he knew he had used cocaine, but he told the military judge that at the time of ingesting the substance he did not know that it was laced with another drug, either amphetamine or methamphetamine. Nonetheless, after examining the laboratory report of his urine specimen, he was satisfied that he had used the other drugs, as well. Citing our deci-

---

* This specification resulted from the consolidation of two separate specifications—one alleging use of cocaine and the other alleging use of amphetamine.

sion in *United States v. Mance*, 26 MJ 244 (CMA), *cert. denied*, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988), he now argues that so much of his plea as admits using amphetamines and methamphetamines is improvident.

Appellant's reading of *Mance* is too broad. There, we held that a military judge must instruct court members on the element of knowledge when they consider whether an accused is guilty of wrongful possession of a controlled substance. We concluded that an accused must be aware that the substance he possesses or uses is a controlled drug rather than an innocent substance such as sugar. *Id.* at 249. However, we went on to observe:

> Of course, for possession or use to be "wrongful," it is not necessary that the accused have been aware of the precise identity of the controlled substance, so long as he is aware that it is a controlled substance. *For example, if he believes that he possesses cocaine when, in fact, he possesses heroin, he could be convicted of wrongful possession of heroin be-cause he had "knowledge" adequate to establish wrongfulness.*

*Id.* at 254 (emphasis added; footnote omitted).

This latter situation is now before us. Stringfellow believed that he was using cocaine. He did not "know" the powder he ingested also contained either amphetamines or methamphetamines. However, he "knew" that use of the substance he ingested was prohibited by law. As Judge Albertson concluded below, the fact that Stringfellow was not aware of the exact pharmacological identity of the substance he ingested is of no legal consequence. Rather, his admission that he intended to use a substance listed in Article 112a(b)(1), 10 USC § 912a(b)(1) satisfies our requirement that the plea conform with the facts. *Cf.* Art. 45(a), UCMJ, 10 USC § 845(a).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.