UNITED STATES, Appellee

v.

Jeffrey R. DILLON, Airman First Class
U.S. Air Force, Appellant

No. 04-0429

Crim. App. No. 34933

United States Court of Appeals for the Armed Forces

Argued February 9, 2005

Decided July 18, 2005

CRAWFORD, J., delivered the opinion of the Court, in which
GIERKE, C.J., and EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant:  Major Teresa L. Davis (argued); Colonel Beverly
B. Knott, Colonel Carlos L. McDade, Major Antony B. Kolenc,
Major Terry L. McElyea, and Captain L. Martin Powell (on brief).

For Appellee:  Major Kevin P. Stiens (argued); Colonel LeEllen
Coacher, Colonel Gary F. Spencer and Lieutenant Colonel Robert
V. Combs (on brief).

Military Judge:  Timothy D. Wilson

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Dillon, No. 04-0429/AF

Judge CRAWFORD delivered the opinion of the Court.

BACKGROUND

Pursuant to his pleas, Appellant was convicted of the use of marijuana between October 17 and November 17, 2000, and November 20 and December 20, 2000 (two specifications), the use of methamphetamine between November 12 and 17, 2000, and December 15 and 20, 2000 (two specifications), and the use of ecstasy between November 12 and 17, 2000, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 112a (2000).  The members sentenced Appellant to a reprimand, reduction to the grade of E-1, forfeiture of all pay and allowances, a year of confinement and a bad-conduct discharge. The convening authority, in conformance with a pretrial agreement, reduced the confinement portion of the sentence to ten months and otherwise approved Appellant's sentence.  The Court of Criminal Appeals affirmed the findings and sentence. We granted review of the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS HAS
> MISAPPLIED THIS COURT'S HOLDING IN UNITED STATES v.
> STRINGFELLOW, 32 M.J. 335 (C.M.A. 1991), IN CASES
> WHERE AN ACCUSED IS CHARGED WITH KNOWING INGESTION OF
> A CONTROLLED SUBSTANCE AND IS SEPARATELY CHARGED WITH
> THE SIMULTANEOUS, BUT UNKNOWING, INGESTION OF ANOTHER
> CONTROLLED SUBSTANCE.

FACTS

During the providency inquiry, Appellant admitted that between November 12 and 17, 2000, he bought what he believed to

be three or four ecstasy pills.  He ingested three of the pills, believing that they contained only illegal ecstasy.  A subsequent urinalysis revealed that the pills had also contained methamphetamine.  He told the military judge he understood that he could be convicted of both the use of ecstasy and methamphetamine even though he was not aware of the exact identity of the contraband substance at the time he took it.  He knew the substance was prohibited.  The members were instructed that these offenses were separate for sentencing.

The defense argues that the knowing use of one controlled substance and simultaneous unknowing use of another cannot result in two specifications.

Responding, the Government contends these charges are not multiplicitous and, if they are, Appellant waived any unreasonable multiplication of charges or multiplicity issues when he failed to raise them at trial, because these specifications are not facially duplicative.  See, e.g., United States v. Lloyd, 46 M.J. 19, 20 (C.A.A.F. 1997).

DISCUSSION

We agree with Appellant's assertion that his case is distinguishable from United States v. Stringfellow, 32 M.J. 335 (C.M.A. 1991).  But our holding in Stringfellow is integral to our conclusion here.  Stringfellow admitted during a providence inquiry that he had knowingly used cocaine but claimed he was

3

unaware that the drug was laced with either amphetamine or methamphetamine. This Court held that the plea was provident with respect to a specification of the use of cocaine and amphetamine/methamphetamine in violation of Article 112a. "[T]he fact that Stringfellow was not aware of the exact pharmacological identity of the substance he ingested is of no legal consequence." 32 M.J. at 336. It is sufficient that Stringfellow was aware that the substance he ingested was a controlled substance. "[F]or possession or use to be 'wrongful,' it is not necessary that the accused have been aware of the precise identity of the controlled substance, so long as he is aware that it is a controlled substance." 32 M.J. at 336 (quoting United States v. Mance, 26 M.J. 244, 254 (C.M.A. 1988)).

Stringfellow pleaded guilty to a single specification of the wrongful use of cocaine and amphetamine/methamphetamine. Here, however, Appellant has pleaded guilty to two different specifications of wrongful use: (1) wrongful use of ecstasy and (2) wrongful use of methamphetamine. In this case, the military judge confirmed that Appellant knew he was consuming a contraband substance.

As in Stringfellow, Appellant was questioned by the military judge:

> [Military Judge (MJ)]: You may not be convicted
> of the use of a controlled substance if you did not
> know you were actually using the substance. Your use

4

of the controlled substance must be knowing and conscious.

Do you admit that your use of methamphetamine between on or about 12 November 2000 and 17 November 2000 was knowing and conscious?

. . . .

[Accused (ACC)]: Your Honor, at the time I knew what I was using was illegal.

MJ: Okay. Let me tell you this. It is not necessary that you were aware of the exact identity of the contraband substance. The knowledge requirement is satisfied if you knew the substance was prohibited. Similarly, if you believe the substance to be a contraband substance such as cocaine when in fact it is methamphetamine, you had sufficient knowledge to satisfy that element of this offense. A contraband substance is one that is illegal to use.

You are also advised however that the person who uses methamphetamine but actually believes it to be sugar is not guilty of the wrongful use of methamphetamine. Do you understand that?

ACC: Yes, Your Honor.

We hold that the charges in this case were not multiplicitous. We agree with the reasoning of United States v. Inthavong, and find that it is appropriate to treat these charges separately because Article 112a is modeled on 21 U.S.C. § 841(a). 48 M.J. 628 (A. Ct. Crim. App. 1998). The court in Inthavong noted that to combat the "escalating rate of drug abuse" and to address the "cumbersome and unnecessary litigation" stemming from the numerous ways drug offenses were charged under general regulations, Congress adopted Article

112a, which was modeled on 21 U.S.C. § 841(a).  Inthavong, 48 M.J. at 631.  21 U.S.C. § 841(a) provides:  "Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally -- (1) to manufacture, distribute, or dispense or possess with intent to manufacture, distribute, or dispense, a controlled substance."  Emphasis added.

Article 112a, modeled after 21 U.S.C. § 841, provides in pertinent part:

> (a)  Any person subject to this chapter who wrongfully uses, possesses, manufacturers, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.
>
> (b) The substances referred to in subsection (a) are the following:
>
>   (1) Opium, heroin, cocaine, amphetamine, lysergic acid diethylamide, methamphetamine, phencyclidine, barbituric acid, and marijuana and any compound or derivative of any such substance.
>
>   (2) Any substance not specified in clause (1) that is listed on a schedule of controlled substances prescribed by the President for the purposes of this article.

Emphasis added.

The phrases, "a controlled substance" in 21 U.S.C. § 841(a)(1), and "a substance described in subsection (b)" in Article 112(a), UCMJ, were intended by Congress to permit separate specifications for the use of each substance and

6

correspond to the statutory elements test adopted by this Court in United States v. Teters, 37 M.J. 370 (C.M.A. 1993) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

This same rationale has been applied by other federal courts.  In United States v. Bonilla Romero, the court rejected the argument that charges arising from the possession of heroin and cocaine in the same bag at the same time and place were multiplicitous.  836 F.2d 39, 47 (1st Cir. 1987).  It noted that "Congress may authorize the imposition of cumulative punishments for criminal offenses occurring in the same act" and that the "double jeopardy clause is not implicated so long as each statutory violation requires proof of an element or fact which the other does not."  Id. (citing Brown v. Ohio, 432 U.S. 161, 168 (1977); Blockburger, 284 U.S. at 304).  In this case, as in Stringfellow, the Government proved two independent facts, that is, the use of two drugs.  See also Bonilla Romero, 836 F.2d at 46.

Likewise, the Second Circuit, underscoring that cumulative sentences may be imposed for simultaneous possession of different drugs, noted that in an earlier case it upheld "consecutive sentences for concealing heroin and concealing cocaine . . . reason[ing] that 'evidence sustaining the first count would not have proved the second, and vice versa; . . . and when the drugs are different, evidence sustaining one count can surely not be

regarded as sustaining the other.'"  United States v. DeJesus,

806 F.2d 31, 36 (2d Cir. 1986) (quoting United States v. Busch,

64 F.2d 27, 28 (2d Cir.), cert. denied, 290 U.S. 627 (1933)).

Similarly, the Fifth Circuit noted:

> [R]eading the statutory words "a controlled substance"
> as meaning "all controlled substances possessed
> simultaneously" would greatly restrict judges and
> their sentencing capacity.  In a case involving
> simultaneous possession of a large number of different
> drugs, the trial judge would be limited in sentencing
> to the punishment set by statute for possession of
> only one drug.  This would hardly allow the judge to
> tailor the penalty to fit the seriousness of the
> offense.

United States v. Davis, 656 F.2d 153, 159 (5th Cir. 1981).

The conduct that Congress prohibited and that the Government

sought to punish is the use of two controlled substances at the

same time and place.  There are "two distinct statutory

provisions," Blockburger, 284 U.S. at 304; Brown, 432 U.S. at

166, separately listing "methamphetamine" and "any other

substance."  Article 112a(b)(1) prohibits the use of nine named

substances, one of which is methamphetamine, along with "any

compound or derivative" of that substance.  Any substance not

listed in Article 112a(b)(1) is chargeable separately under

Article 112a(b)(3).  "Any other substance not specified in clause

(1) . . . that is listed in schedules" of controlled substances

is prohibited.  Article 112a(b)(3), UCMJ.  Because each drug may

involve different producers and distributors they should be

8

treated separately, and we conclude there is no substantial basis in law or fact to set aside the guilty plea. United States v. Prater, 32 M.J. 433 (C.M.A. 1991).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.