FELICETTI, Judge:
Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of failure to go by not reporting to PSU 308 in Gulfport, Mississippi, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; one specification of missing movement, in violation of Article 87, UCMJ, 10 U.S.C. § 887; and one specification of making a false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to E-l. The Convening Authority approved the sentence as adjudged but suspended all confinement in excess of 180 days for twelve months from the date of the Convening Authority’s action, pursuant to the terms of the pretrial agreement.
Before this Court, Appellant asserts that his plea to Charge I, regarding the failure to go, is improvident because the military judge failed to resolve inconsistencies between Ap *641 pellant’s statements and Ms guilty plea and, given the potential issues raised by Appellant’s statements, failed to define the defense of inability for Appellant to consider. This assignment is rejected for the reasons discussed.
Facts
Appellant, a member of the Coast Guard Reserve, was called to active duty on 7 July 2003, pending deployment to Kuwait with Port Security UMt (PSU) 308. After activation, he was ordered to report to PSU 308 in Gulfport, Mississippi, by 28 July 2003. Beginning sometime around 25 July, Appellant called Ms umt twice, spoke with a Lieutenant Snodgrass, and was granted a reporting delay until 29 July. Appellant testified that sometime after the second conversation with Lieutenant Snodgrass, on 28 July, he received a phone call from his divorce attorney, who, according to Appellant, told him that he needed to appear at a previously scheduled child support hearing in New Orleans at 0900 on 29 July 2003.
There is no evidence that Appellant ex-plamed Ms obligation to report to PSU 308 to Ms divorce attorney. Appellant, moreover, claimed it “slipped [Ms] mind” to call Lieutenant Snodgrass again to request an additional reporting delay. (R. at 57.) On 29 July, Appellant appeared at the child support hearing which concluded at around 1100. At some pomt during the day, Appellant decided that he would not deploy to Kuwait with PSU 308. Consistent with tMs intent, he did not proceed to Ms uMt after the court hearing or advise his chain of command of the delay. Instead, Appellant reported to PSU 308 on the morning of 31 July 2003 and refused to board the airplane to Kuwait with the other members of Ms unit several days later.
Assignment
Appellant asserts that his guilty plea to the failure to go charge was improvident because of his testimony during the providence inquiry that he was at a child support hearing from 0900 to 1100 on 29 July 2003. According to Appellant, this testimony set up an mconsistency with the guilty plea by raising the defense of inability. See Article 45, UCMJ, 10 U.S.C. § 845; Rules for Courts-Martial 916(i), Manual for Courts-Martial, United States (2002 ed.).
The law regardmg a statement by an accused that conflicts with his guilty plea is well-settled. If the accused sets up matters inconsistent with the guilty plea or the facts stated in support of it, the military judge must inquire into the circumstances and reject the plea if the conflict is not resolved. United States v. Lee, 16 M.J. 278, 280 (C.M.A.1983) (citing Article 45, UCMJ; United States v. Davenport, 9 M.J. 364 (C.M.A.1980); United States v. Moglia, 3 M.J. 216 (C.M.A.1977)). The accused’s trial statements are taken at face value; their credibility is not part of the analysis. Lee, 16 M.J. at 281 (citing United States v. Jemmings, 1 M.J. 414, 418 (C.M.A.1976)). However, there must be some “substantial indication of direct conflict between the accused’s plea and Ms following statements” before they are mconsistent. United States v. Pinero, 60 M.J. 31, 33 (C.A.A.F.2004) (quoting United States v. Logan, 22 USCMA 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (C.M.A.1973)). Moreover, taking the accused’s statements at face value means just that. There is no requirement to draw all possible inferences that tend to marease the apparent conflict between the plea and his testimony.
In this case, there was no actual conflict between Appellant’s plea and Ms testimony, never mind a substantial indication of a direct conflict. As seen m the charge sheet, Appellant was charged with, and later convicted of, failmg to report to PSU 308 “on or about 29 July 2003.” No reporting time is mentioned in either the charge sheet or during the providence Mquiry. Thus, Appellant oMy completed this offense when he failed to arrive at PSU 308 before 0000 on 30 July 2003.
Aceordmg to Appellant, PSU 308 was located approximately eighty miles from the site of the civil court hearing in New Orleans. (Appellant Br. 3, n. 1.) The court hearing concluded at around 1100 on 29 July, leaving Appellant over twelve hours to travel the eighty miles to Gulfport. Appellant agreed that he could have reported to Gulfport on 29 July, even with the delay caused by the court hearing. (R. at 58.)
*642 It is true that the military judge later elicited an unhelpful comment from Appellant that reporting to PSU 308 was “more important than a child support issue.” (R. at 61.) It is also true that the military judge did not fully follow the sound advice in United States v. Jemmings, 1 M.J. 414, 418 (C.M.A.1976), to clearly and concisely explain the elements of any suggested defense before eliciting additional facts to establish that the defense was not available. Nonetheless, the military judge did elicit that Appellant could have reported to PSU 308 on or about 29 July 2003 after attending the court hearing. Taking Appellant’s testimony at face value, we, therefore, find no inconsistency between it and the guilty plea. The testimony, as such, did not raise the potential defense of inability that would cause a need to define that defense.
Decision
We have reviewed the record in accordance with Article 66, UCMJ, 10 U.S.C. § 866. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.
Chief Judge BAUM and Judge KANTOR concur.