# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SCHENCK, ZOLPER, and WALBURN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRANDEN D. HEITKAMP**
**United States Army, Appellant**

ARMY 20060998

Headquarters, Fort Stewart
Donna M. Wright, Military Judge
Colonel Norman F.J. Allen III, Staff Judge Advocate

For Appellant: Major Fansu Ku, JA; Major Leonard W. Jones, JA (on brief); Colonel Christopher J. O'Brien, JA; Lieutenant Colonel Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Major Leonard W. Jones, JA (on specified issue brief).

For Appellee: Colonel John W. Miller, II, JA; Captain Michael J. Friess, JA; Captain James T. Dehn, JA (on specified issue brief).

30 November 2007

-------------------------------------------
OPINION OF THE COURT
-------------------------------------------

SCHENCK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of use and possession of marijuana (two specifications and one specification, respectively), possession of 117 tablets of methandienone,[1] carrying a concealed weapon, and possessing drug paraphernalia in an exclusive federal jurisdiction area with intent to process, prepare, package, or store a controlled substance, in violation of Articles 112a and 134, 10 U.S.C. §§ 912a and 934

---

[1] Methandienone is an anabolic steroid listed in Schedule III of Section 202 of the Controlled Substances Act, 21 U.S.C. § 812. It is a "drug or hormonal substance, chemically and pharmacologically related to testosterone," 21 C.F.R. § 1300.01(b)(4) (xxviii), and is sometimes improperly used by bodybuilders and other athletes to increase muscle mass.

HEITKAMP – ARMY 20060998

[hereinafter UCMJ].[2]  The military judge sentenced appellant to a dishonorable discharge, confinement for two years, and reduction to Private E1.  The convening authority approved the adjudged sentence, but suspended confinement in excess of sixteen months for six months.  This case is before the court for review under Article 66, UCMJ.

Although appellate defense counsel initially submitted appellant's case upon its merits to this court, we subsequently requested counsel provide pleadings regarding whether appellant's unsworn statement, suggesting he believed his possession of an anabolic steroid was not wrongful, raised matters inconsistent with his guilty plea which the military judge failed to resolve.[3]  We find appellant's plea provident, but write to clarify the distinction between the mistake of fact defense and mistake of law in regard to Article 112a, UCMJ offenses.

**FACTS**

During the guilty plea inquiry, the military judge properly informed appellant of the elements of wrongful possession of a controlled substance.  Those elements

---

[2] Appellant was convicted pursuant to clause 2 of Article 134, UCMJ, the Assimilative Crimes Act with violating Section 16-13-32.2 of the Code of Georgia, which provides: "[i]t shall be unlawful for any person to use, or possess with the intent to use, any object or materials of any kind for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body marijuana or a controlled substance."

[3] We specified the following issue:

WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEAS OF GUILTY TO ADDITIONAL CHARGE I AND ITS SPECIFICATION, WRONGFUL POSSESSION OF METHANDIENONE, IN LIGHT OF *UNITED STATES v. DILLON*, 61 M.J. 221 (C.A.A.F. 2005), *UNITED STATES v. MANCE*, 26 M.J. 244 (C.M.A. 1988), *UNITED STATES v. PHILLIPPE*, 63 M.J. 307 (C.A.A.F. 2006), ARTICLE 112a, AND RULE FOR COURTS-MARTIAL [HEREINAFTER R.C.M.] 916(j) AND (l), BECAUSE THE PLEA INQUIRY AND STIPULATION OF FACT APPEAR INCONSISTENT WITH APPELLANT'S UNSWORN STATEMENT WHEREIN HE SUGGESTS HE BELIEVED HIS POSSESSION OF THE DRUG WAS NOT WRONGFUL.

included appellant's actual knowledge that he possessed the substance and his actual knowledge the substance was methandienone. In defining "wrongful" during the providence inquiry, the military judge advised appellant:

> [t]o be wrongful, you must have known two things: First that a substance was present at the time you possessed it; and, second, that *the substance was of a contraband nature.* For example, if you hold a package and did not know it contained a white powdery substance, you would not be guilty of possessing that substance. In addition, *you must know of the contraband nature of the substance.* So, for example, if you hold a package and [know] that it contained a white powdery substance, but thought that substance was sugar when it was actually cocaine, you would not be guilty of wrongful possession of cocaine. A contraband substance is one that is illegal to possess.[4]

(Emphasis added.)

Appellant agreed he understood the elements and definitions, and that his guilty plea admitted those elements and definitions taken as a whole correctly described his conduct.

During the providence inquiry, appellant told the military judge that the 117 methandienone tablets found in his room were "muscle tablet[s], ma'am, for bodybuilding." He agreed that he knew he had the tablets and they were an unprescribed, Schedule III controlled substance. Appellant further agreed his possession without a prescription was illegal and wrongful. The military judge did not specifically ask appellant whether he understood at the time of the offense that the possession was wrongful.

The stipulation of fact, agreed to by the parties and admitted as evidence, states:

> Methandienone is an anabolic steroid that is used by weightlifters to build muscle mass. It is unlawful to possess without a prescription. The [a]ccused acknowledges that he did not have a prescription to possess [m]ethandienone. The [a]ccused further acknowledges that he purchased the [m]ethandienone while deployed to Iraq in support of OIF III. He knew

---

[4] The military judge's advice to appellant is consistent with para. 3-37-1, Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook] (15 Sept. 2002).

3

> that it was [m]ethandienone that he possessed because he
> had done extensive research about the steroid on the
> [i]nternet.  The [a]ccused did not have any legal
> justification for possessing these steroids.

During presentencing in his unsworn statement, appellant told the military judge:

> When I first bought the steroids in Iraq, *I really thought it
> was something I was allowed to use* for bodybuilding.  I
> knew that it was because I did some research on it on the
> [i]nternet before I bought it.  *But I did not know it was
> illegal.  I even took a [Criminal Investigation Command
> (CID)] polygraph on this issue and I passed it.  As well,
> when I came back through [c]ustoms, they also allowed
> me to carry it . . . . .*  I understand it is illegal to possess it
> now . . . .

(Emphasis added.)

## LAW
### Standard of Review

Our standard in reviewing a military judge's acceptance of a guilty plea is abuse of discretion.  *United States v. Abbey*, 63 M.J. 631, 632 (Army Ct. Crim. App. 2006) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). Essentially, we will not overturn a military judge's acceptance of a guilty plea unless a substantial basis in law and fact for questioning that plea is revealed in our review of the record of trial.  *United States v. Adams*, 63 M.J. 223, 226 (C.A.A.F. 2006) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

The military judge's inquiry into a guilty plea must establish that the accused believes and agrees he is guilty of the offense, and the accused admits factual circumstances which objectively support the plea.  *United States v. Simmons*, 63 M.J. 223, 226 (C.A.A.F. 2006); *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004); *United States v. Garcia*, 44 M.J. 496, 497-98 (C.A.A.F. 1996) (citing *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994), quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980); and R.C.M. 910(e)).  Article 45(a), UCMJ, further requires: "If an accused . . . after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

4

If at anytime during the court-martial proceeding—whether during presentencing evidence or trial on the merits—the accused sets up a matter inconsistent with the plea, the military judge must either resolve the apparent inconsistency by reopening the providence inquiry "or reject the guilty plea." *Garcia*, 44 M.J. at 498 (citing UCMJ art. 45(a) and R.C.M. 910(h)(2)); *accord Davenport*, 9 M.J. at 367. In our review to determine whether "the providence inquiry provides facts inconsistent with the guilty plea, we take the accused's version of the facts 'at face value.'" *United States v. Gilchrist*, 61 M.J. 785, 791 (Army Ct. Crim. App. 2005) (quoting *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A. 1976)); *accord United States v. Pajeaud*, 63 M.J. 644, 645 (C.G. Ct. Crim. App. 2006) ("The accused's . . . statements are taken at face value; their credibility is not part of the analysis.").

"The existence of an apparent and complete defense is necessarily inconsistent with a plea of guilty." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007). Therefore, if such inconsistent matters "reasonably raise[] the question of a defense . . . it [is] incumbent upon the military judge to make a more searching inquiry to determine the accused's position on the apparent inconsistency with his plea of guilty." *United States v. Timmins,* 21 U.S.C.M.A. 475, 479, 45 C.M.R. 249, 253 (1972). "[The Court of Appeals for the Armed Forces] recently reaffirmed a military judge's 'duty under Article 45, UCMJ, to explain to the accused the defenses that an accused raises during a providence inquiry.'" *United States v. Axelson*, 65 M.J. 501, 511 (Army Ct. Crim. App. 2007) (quoting *United States v. Zachary*, 63 M.J. 438, 444 (C.A.A.F. 2006) (citing *United States v. Smith*, 44 M.J. 387, 392 (C.A.A.F. 1996) (internal footnote omitted))). Therefore, "when, either during the plea inquiry or thereafter, and in the absence of prior disavowals . . . circumstances raise a possible defense, a military judge has a duty to inquire further to resolve the apparent inconsistency." *Phillippe*, 63 M.J. at 310-11 (internal citation omitted).

*Wrongful Possession of a Controlled Substance*

The elements of wrongful possession of controlled substance are: "(a) That the accused possessed a certain amount of a controlled substance;[5] and (b) That the possession by the accused was wrongful." *MCM*, 2005, Part IV, para. 37b(1).

---

[5] "Controlled substance" includes "any substance which is included in Schedules I through V established by the Controlled Substances Act of 1970 (21 U.S.C. § 812)." *Manual for Courts-Martial, United States* (2005 ed.) [hereinafter *MCM*], 2005, Part IV, para. 37c(1). The parties do not dispute that appellant's plea inquiry sufficiently established appellant knowingly possessed methandienone tablets, anabolic steroids, and those steroids are Schedule III controlled substances.

5

The *MCM* further provides:

> To be punishable under Article 112a, possession . . . of a
> controlled substance must be wrongful.  Possession . . . of
> a controlled substance is wrongful if it is without legal
> justification or authorization.  Possession . . . of a
> controlled substance is *not wrongful if such act or acts are
> . . . without knowledge of the contraband nature of the
> substance . . . .*[6]
>
> . . . .
>
> *Deliberate ignorance.*  An accused who consciously
> avoids knowledge of the presence of a controlled
> substance or the contraband nature of the substance is
> subject to the same criminal liability as one who has
> actual knowledge.

*MCM*, 2005, Part IV, para. 37c(5), (10) (Emphasis added).

Our superior court further commented on the elements of Article 112a, UCMJ, offenses in 1988 in *United States v. Mance*, 26 M.J. at 254, stating:

> The element of "wrongfulness" in charges of drug
> possession or use involves a different type of "knowledge"
> – namely, knowledge of the character of the substance
> involved. . . . for possession or use to be "wrongful," it is
> not necessary that the accused have been aware of the
> precise identity of the controlled substance, so long as he
> is aware that it is a controlled substance.  For example, if
> he believes he possesses cocaine when, in fact, he
> possesses heroin, he could be convicted of wrongful
> possession of heroin because he had "knowledge"
> adequate to establish wrongfulness.

---

[6] "Insofar as the 'knowledge' needed to show 'wrongfulness' is concerned, the presence of the controlled substance, under appropriate circumstances, authorizes a permissive inference of knowledge. . . . Thus, both the 'knowledge' required to show 'possession' or 'use' and the 'knowledge' required to show 'wrongfulness' may be inferred by the factfinder from the presence of the controlled substance."  *Mance*, 26 M.J. at 254.

(Footnote omitted.) *See also United States v. Stringfellow*, 32 M.J. 335, 336 (C.M.A. 1991) (stating knowledge of "the exact pharmacological identity of the substance" is not required; sufficient to show knowledge that the substance was any controlled substance); *Dillon*, 61 M.J. at 224 (holding that charging two violations of Article 112a, UCMJ, for one occurrence involving two controlled substances is not multiplicious).

*Mistake of Law*

Our superior court further explained, however, if an accused "knows the identity of a substance that he is possessing or using but does not know that such possession or use is illegal, his ignorance in this regard is immaterial because [*United States v. Greenwood*, 6 U.S.C.M.A. 209, 19 C.M.R. 335 (1955)] recognized, ignorance of the law is no defense." *Mance*, 26 M.J. at 254.

Rule for Courts-Martial 916(l)(1) also clearly restricts an accused's use of mistake of law as a defense, indicating "ignorance or mistake of law, including general orders or regulations, ordinarily is not a defense." The Discussion to R.C.M. 916(l)(1) further provides:

> ignorance that it is a crime to possess marijuana is not a defense to wrongful possession of marijuana. Ignorance or mistake of law may be a defense in some limited circumstances. If the accused, because of a mistake as to a separate nonpenal law, lacks the criminal intent or state of mind necessary to establish guilt, this may be a defense. For example, if the accused, under mistaken belief that the accused is entitled to take an item under property law, takes an item, this mistake of law (as to the accused's legal right) would, if genuine, be a defense to larceny. On the other hand, if the accused disobeyed an order, under the actual but mistaken belief that the order was unlawful, this would not be a defense because the accused's mistake was as to the order itself, and not as to a separate nonpenal law. Also, mistake of law may be a defense when the mistake results from reliance on the decision or pronouncement of an authorized public official or agency.

*Mistake of Fact*

A mistake of fact does, however, provide an accused a defense to Article 112a, UCMJ, wrongful possession of a controlled substance. Rule for Courts-Martial 916(j) states:

7

> it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense.  If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused.  If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances.  However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.

The Discussion to R.C.M. 916(j) further describes an example "of ignorance or mistake which need exist in fact [but need not be reasonable is a] belief that a controlled substance was really sugar."  Similarly, Benchbook para. 5-11-4, without providing further legal citation, indicates, "[i]gnorance or mistake of the fact that a particular substance is contraband (i.e., that its possession, distribution, use, etc., was forbidden by law, regulation or order) is not a defense."

*Contraband Nature Defined*

"Contraband" is defined in the *MCM* in the analysis to the Military Rules of Evidence [hereinafter Mil. R. Evid.] as "material the possession of which is by its very nature unlawful.  Material may be declared to be unlawful by appropriate statute, regulation, or order."  Drafters' Analysis to Mil. R. Evid. 313(b), *MCM*, 2005, A22-23.

**ANALYSIS**

Appellant now argues his unsworn statement "raised questions concerning whether mistake of law or mistake of fact may have been a possible relevant defense to wrongfulness" and the military judge erred because she failed to "make a further inquiry to resolve any apparent ambiguity or inconsistency that raised the possible defenses."  Appellate defense counsel further assert "appellant's unsworn statement implied that he lacked the request (sic) criminal intent or state of mind necessary to establish guilt."  We disagree.

Even if they were not somewhat incredible, appellant's assertions during his unsworn statement do not raise matters inconsistent with his plea; nor do they

8

provide a substantial basis in law or fact to question his guilty plea.  To be guilty of wrongful possession of a controlled substance, an accused need only have knowledge as to the presence and identity of the substance.  *Mance*, 26 M.J. at 254.  Appellant admitted to both.  He agreed that he knew he possessed the steroid tablets, an unprescribed, Schedule III controlled substance.  Although the military judge informed appellant that he must know "the substance was of a *contraband nature*" and he "must know of the *contraband nature* of the substance[,]" the military judge merely read an inartfully drafted instruction[7] and did not provide appellant with a defense to his conduct.

Based upon how "contraband" is defined in the *MCM* and as explained above, "contraband nature" implies unlawful nature of the item possessed.  Thus, use of the term "contraband nature" in the *MCM* and Benchbook might be incorrectly read to imply appellant must know of the unlawful nature of the item.  This is not the law.  Appellant's knowledge of unlawfulness is not required and his lack of knowledge of the unlawfulness of a contraband item is not a defense.  Rather, the law only requires that an accused *know the substance is anything unlawfully possessed (i.e., contraband)*.[8]  Appellant admitted just that by agreeing he knew he possessed methandienone and that he now knows it is unlawful to do so.

By stating he initially "bought the steroids in Iraq, [and] really thought it was something [he] was allowed to use[,]" "did not know it was illegal[,]" "even took a CID polygraph on this issue and [he] passed it[,]" and "when [he] came back through [c]ustoms, they also allowed [him] to carry it[,]"[9] appellant did not raise a defense of mistake of fact as to the presence of the substance or character (i.e., contraband) of the substance.  Although, "[i]n an abundance of caution, the military judge should probably have verified that appellant still desired to plead guilty and believed that he was guilty[,] we will not find this plea insufficient because the military judge did not again clarify appellant's statements having repeatedly done so before."  *United States v. Sorrell*, 1996 CCA LEXIS 230 (A.F. Ct. Crim. App. 1996).

---

[7] The instruction also appears inconsistent with the Benchbook para. 5-11-4 limitation that "[i]gnorance or mistake of fact that a particular substance is contraband (i.e., that its possession, distribution, use, etc., was forbidden by law, regulation or order) is not a defense."

[8] We recommend the *MCM* and Benchbook instruction be modified accordingly.

[9]  We find appellate defense counsel's unsupported claim that "appellant partially based his decision to possess this substance upon his interaction with authorized public officials from the customs agency" without merit.  We do not find the customs agents' failure to stop appellant for illegal possession of steroids as a "decision or pronouncement of an authorized public official or agency" as described in the Discussion to R.C.M. 916(l)(1).

**CONCLUSION**

We find appellant's guilty plea was knowing, voluntary, and provident. He admitted he knew of the drug's presence and composition, but claimed he was unaware the steroid was a federally controlled substance. Nevertheless, his "lack of knowledge may [only] be a mitigating factor in sentencing, because an individual who possesses a drug without knowing its illegal nature may be less culpable than one who possesses it knowing it to be illegal, but both are guilty of drug possession." *United States v. Ivey*, 53 M.J. 685, 697 (Army Ct. Crim. App. 2000).

Accordingly, the findings of guilty and the sentence are affirmed.

Judge ZOLPER and Judge WALBURN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court