# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman CODY R. RIOS
### United States Air Force

### ACM S32228

### 29 December 2014

Sentence adjudged 25 February 2014 by SPCM convened at Peterson Air Force Base, Colorado. Military Judge: Donald R. Eller, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 100 days, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz and Brian L. Mizer, Esquire.

Appellate Counsel for the United States: Captain Collin F. Delaney and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

A military judge sitting as a special court-martial accepted the appellant's guilty pleas to two specifications of violating a lawful general regulation, three specifications of wrongfully using controlled substances, and one specification of distributing an intoxicating substance to the prejudice of good order and discipline in the armed forces, in violation of Articles 92, 112a, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 934. The

adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 100 days, and reduction to E-1.

Before this court, the appellant alleges that his guilty pleas to two of the wrongful use of controlled substances specifications were improvident because his providence inquiry did not establish that he knew the drug he ingested was a controlled substance. We disagree and affirm.

*Background*

The appellant's admitted drug activities included using "molly" on divers occasions. The appellant stipulated that molly is a generic term for a class of illicit club drugs sold in either a powder or capsule form that produces effects similar to ecstasy. On one of the occasions where he purchased molly, he gave one of the capsules to an undercover informant for the Air Force Office of Special Investigations (AFOSI). AFOSI later sent the capsule to a laboratory, where tests revealed it contained an intoxicating substance but no federally scheduled substances.

About three months later, the appellant attended another concert where he and others from his group purchased molly capsules. He consumed two such capsules before AFOSI apprehended him at the concert. Tests of the appellant's blood and urine revealed the presence in his system of methylenedioxymethamphetamine (MDMA), methylenedioxyamphetamine (MDA), methylone, and methamphetamine, along with marijuana.

Further facts relevant to this issue are discussed below.

*Guilty Plea Providence*

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322; *see also United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (stating that a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). "In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007) (citing *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004)). A military judge abuses this discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence

inquiry. *See United States v. Care*, 40 C.M.R. 253 (C.M.A. 1969). This is an area in which the military judge is entitled to "significant deference." *Inabinette*, 66 M.J. at 322.

The appellant maintains the burden to demonstrate a substantial basis for questioning the plea. *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004). At trial, the military judge must have ensured the appellant understood the facts that support his guilty plea, and the military judge must be satisfied the appellant understood the law applicable to his acts. *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *Care*, 40 C.M.R. at 250–51); *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).

The appellant asserts that his guilty plea was improvident because his plea colloquy did not establish that his use of MDMA, MDA, methylone, and methamphetamine was knowing.[1] He reasons that apart from his "conclusory" statements that molly is "contraband" and "illegal," there is no basis in the record to indicate that he knew molly contained a controlled substance. The appellant argues that he must have specifically known that the molly he ingested contained controlled substances, not merely intoxicating substances that are illegal to use under Air Force instructions but not listed as controlled substances. *See, e.g.*, *United States v. Mance*, 26 M.J. 244, 254 (C.M.A. 1988), *overruled on other grounds by United States v. Payne*, 73 M.J. 19 (C.A.A.F. 2014) ("[I]t is not necessary that the accused have been aware of the precise identity of the controlled substance, so long as he is aware that it is a controlled substance."); *United States v. Stringfellow*, 32 M.J. 335, 336 (C.M.A. 1991) ("[A]n accused must be aware that the substance he possesses or uses is a controlled drug rather than an innocent substance such as sugar."). The appellant points to two matters in the record to indicate the he did not know the capsules contained an actual controlled substance. First, the appellant stated that with regard to the specification of using methamphetamine, "I would never even consider taking [methamphetamine], yet here I was taking unknown poisons from strangers." Second, the previous capsule seized by AFOSI ultimately tested negative for controlled substances.

We disagree. Even assuming the appellant correctly asserts the correct legal standard—that he must have known the capsules actually contained controlled substances as opposed to other intoxicating substances—we find the appellant's plea provident given his burden to demonstrate otherwise on appeal and the deferential abuse of discretion standard. The appellant told the military judge he knew at the time he used the capsules that they contained the substances charged or those of a contraband nature. With regard to the specification of MDMA, MDA, and methylone use, he told the military judge, "I didn't know at the time that these specific chemicals were in the capsules, but I knew I was taking chemicals that were illegal and that I felt high." With regard to the

---

[1] The appellant does not contest the providence of his plea to using marijuana. He was charged with using marijuana on divers occasions, and his plea inquiry acknowledged he used marijuana "four or five times."

specification of methamphetamine use, he told the military judge that while he did not know methamphetamine was in the capsules he consumed, and he would not have taken the capsules had he known this specific substance was in the capsules, "I knew I was taking a drug, but I should have known that what I was taking was something that could have killed me or hurt me badly." He also agreed with the military judge's characterization that when the appellant used the molly, "whatever was in this pill, it's illegal."

Apart from these oral admissions, the appellant voluntarily signed a stipulation of fact. In the stipulation, he admitted that "although he did not know the capsules contained these exact substances, he knew the capsules were of a contraband nature." We therefore find no substantial basis in law or fact for questioning the appellant's guilty plea. The argument that an appellant must know that substances consumed contained actual controlled substances is an intellectually interesting one, but under the facts of this case, it amounts to the mere possibility of a defense, which does not render a plea improvident. *Prater*, 32 M.J. at 436. The appellant admitted he used a substance he believed to be contraband and illegal and said nothing substantially inconsistent with this position. That is all that is required to find this plea provident.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[2] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[2] The court-martial order omits the word "did" from Specification 3 of Charge II. We order promulgation of a corrected order.