UNITED STATES, Appellee

v.

Matthew S. CARR, Airman
U.S. Air Force, Appellant

No. 06-0758

Crim. App. No. 35772

United States Court of Appeals for the Armed Forces

Argued February 27, 2007

Decided May 9, 2007

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


Counsel


For Appellant:  Captain John S. Fredland (argued); Lieutenant
Colonel Mark R. Strickland (on brief).


For Appellee:  Captain Jamie L. Mendelson (argued); Colonel
Gerald R. Bruce and Major Matthew S. Ward (on brief); Lieutenant
Colonel Robert V. Combs.


Military Judge:  Barbara G. Brand


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Carr, No. 06-0758/AF

Judge STUCKY delivered the opinion of the Court.

We granted review of the sole issue Appellant assigned as error, to determine whether Appellant's guilty pleas to assault consummated by a battery were improvident because evidence indicated he obtained consent from the alleged victims by fraud in the inducement rather than fraud in the factum. We hold that Appellant's pleas were provident and affirm.

I.

At a general court-martial composed of a military judge sitting alone, Appellant pled guilty to being absent without leave terminated by apprehension and being derelict in the performance of his duties by not refraining from using his government travel card for other than official purposes. Articles 86 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892 (2000). In eight additional specifications, he was also charged with the indecent assault of eight women, including two minors. Article 134, UCMJ, 10 U.S.C. § 934 (2000). He pled not guilty to all eight specifications, but guilty to the lesser included offenses of assault consummated by a battery to seven of those specifications. Article 128, UCMJ, 10 U.S.C. § 928 (2000). After conducting a providence inquiry, the military judge accepted Appellant's guilty pleas.

The Government was not satisfied with Appellant's pleas to the lesser included offenses and presented the testimony of

seven of the eight women he was alleged to have indecently assaulted. They testified that Appellant represented to them that he was training to be a gynecologist, and most testified that Appellant claimed they would be paid for participating in his training or would receive prescription contraceptives. He performed at least one pelvic examination on each woman, inserted his fingers and a speculum into each victim's vagina, and drew blood, or attempted to draw blood, from most of the victims. These examinations did not occur in clinics or hospitals, but in hotel rooms, houses, or (in one instance) the back of a U-Haul truck. He told at least one female acquaintance that he got "turned on" when performing pelvic exams on young women. The victims later learned Appellant worked in the motor pool and was neither a licensed physician nor in any training program to become one. He did not help the women obtain contraceptives, nor did he, with two exceptions, keep his promise to pay the women.

The military judge acquitted Appellant of the indecent assault specification to which he pled not guilty, but convicted him of all other offenses, including the seven indecent assault specifications to which he had pled guilty to the lesser included offense of assault consummated by a battery. The military judge sentenced Appellant to a dishonorable discharge, confinement for seven years, and reduction to the lowest

United States v. Carr, No. 06-0758/AF

enlisted grade.  The convening authority approved the sentence, and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence.  United States v. Carr, 63 M.J. 615 (A.F. Ct. Crim. App. 2006).[1]

## II.

We will set aside an appellant's guilty plea only when the record of trial shows a substantial basis in law and fact for questioning the plea.  United States v. Harris, 61 M.J. 391, 398 (C.A.A.F. 2005); United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).  In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it. See United States v. Hardeman, 59 M.J. 389, 391 (C.A.A.F. 2004).

---

[1] It might be asked why the granted issue is not moot, since it deals with the providence of Appellant's pleas of guilty to the lesser included offense of assault consummated by a battery and he was eventually convicted, in a litigated trial, of the indecent assaults originally charged.  We have held that "[a]n issue is moot if resolving it 'would not result in a material alteration of the situation for the accused or for the Government.'"  United States v. Napoleon, 46 M.J. 279, 281 (C.A.A.F. 1997) (quoting United States v. Clay, 10 M.J. 269, 269 (C.M.A. 1981) (quotation marks and citation omitted)).  Here, while the Government did put on its case in chief, the military judge specifically advised Appellant that his plea to the lesser included offenses could also be used to establish elements of the charged offenses if the Government decided to proceed with them.  We cannot determine with certainty what weight the military judge gave the guilty plea, as opposed to the testimony, in finding Appellant guilty of the indecent assaults. On this record, and recognizing that mootness is not favored in criminal cases, see Sibron v. New York, 392 U.S. 40, 50-58 (1968), we will reach the merits of the case.

Citing our opinion in United States v. Outhier, 45 M.J. 326 (C.A.A.F. 1996), Appellant argues that his guilty pleas to assault consummated by a battery were improvident. Outhier was an unauthorized absentee from the Marine Corps, who, prior to his enlistment, had been "a capable swimmer and paramedic." Id. at 327. He turned up at the United States Naval Academy, where he passed himself off as a Navy SEAL and hospital corpsman who was an expert in "drownproofing" techniques. Id. On this basis, he induced an officer candidate who wanted to eventually become a SEAL to participate in a "drownproofing" exercise in which he was bound and thrown into the deep end of the swimming pool. Id. The candidate completed the exercise without mishap, but Outhier was convicted of aggravated assault. Id. at 327-28. We reversed, holding that the guilty plea was improvident because the facts Outhier admitted, as opposed to conclusions of law, did not establish aggravated assault, which requires an act likely to produce death or grievous bodily harm. Id. at 332. We further held that Outhier could not be convicted of the lesser included offense of assault consummated by a battery, because the issue of consent, if any, was not explored in the plea inquiry. Id.

In discussing the consent issue, we relied on the recognized distinction between fraud in the inducement and fraud in the factum. Id. at 330-31. The classic statement of the

difference between the two was made by Judge Cox in United States v. Booker, a rape case:

> Clearly, fraud in the inducement includes such general knavery as: "No, I'm not married"; "Of course I'll respect you in the morning"; "We'll get married as soon as . . ."; "I'll pay you ___ dollars"; and so on. Whatever else such tactics amount to, they are not rape.
>
> The question is -- what is fraud in the factum in the context of consensual intercourse? The better view is that "factum" involves both the nature of the act and some knowledge of the identity of the participant. Thus in the "doctor" cases, consent would not be present unless the patient realized that the "procedure" being employed was not medical, but sexual. . . . [W]e take it that even the most uninhibited people ordinarily make some assessment of a potential sex partner . . . before consenting to sexual intercourse. Thus, consent to the act is based on the identity of the prospective partner.

25 M.J. 114, 116 (C.M.A. 1987) (citations omitted). Professors Perkins and Boyce put it this way:

> The general rule is that if deception causes a misunderstanding as to the fact itself (fraud in the factum) there is no legally-recognized consent because what happened is not that for which consent was given; whereas consent induced by fraud is as effective as any other consent . . . if the deception related not to the thing done but merely to some collateral matter . . . .

Rollin M. Perkins & Ronald N. Boyce, Criminal Law 215 (3d ed. 1982).

During the plea inquiry, Appellant admitted that he lacked medical training or certification, that he performed "examinations" on the women concerned, and that his false

representations induced them to submit to these acts.
Nonetheless, Appellant argues that, under Outhier, the military
judge needed to inquire as to how his actual skills were
inferior to those of a real physician, and to confirm that they
were, noting: "[Under Outhier,] Appellant's medical credentials
-- or lack thereof -- were not a material and essential aspect
of his exams. His alleged victims received gynecological exams
of some unknown quality."

We disagree and hold that the military judge did not abuse
her discretion in accepting the guilty plea.

The record reflects that the military judge carefully
elicited from Appellant facts as to the identity of each woman
involved, how Appellant met each woman, the location of the act,
the acts done by Appellant to each victim, Appellant's lack of
medical qualifications, his lies to each woman about his
qualifications, and the fact that the women would not have
consented without his misrepresentation of his qualifications.
The military judge explained the difference between fraud in the
factum and fraud in the inducement to Appellant, who agreed that
his misrepresentation constituted fraud in the factum.

This case involved the pretended practice of a learned
profession, and misrepresentation of Appellant's status as a
practitioner (or a student) of such a profession. As the Court
of Criminal Appeals said below:

> In professional settings, the qualifications of the service provider often are more important than his or her identity. A patient slated for arthroscopic knee surgery, for example, might have no qualms about substituting Dr. Able for his preferred physician, Dr. Baker, if both are equally qualified; and yet that same patient would adamantly refuse to allow Airman Charlie, from the motor pool, to scrub up instead. The critical issue is not who wields the scalpel, but whether they are qualified to do so. We believe that to grossly mislead a patient about such critical information amounts to fraud in the factum.

Carr, 63 M.J. at 620-21.

We agree. The plea inquiry amply showed that Appellant had neither medical training nor license, that his lies about his qualifications induced his victims to submit to him, and that he performed pretended examinations that he was not qualified or licensed to perform. Once the military judge elicited from Appellant that he lacked training and qualifications, that was sufficient to render his plea provident under Prater. Under our case law, Appellant's lies amounted to fraud in the factum, and his pleas were provident.

### III.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

8