# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Master Sergeant MARCUS K. LINN
## United States Air Force

## ACM 38451

## 15 October 2014

Sentence adjudged 1 August 2013 by GCM convened at Andrews Air Force Base-Naval Air Facility Washington, Maryland.  Military Judge:  Francisco Mendez (sitting alone).

Approved Sentence:  Dishonorable discharge, confinement for 28 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Christopher D. James.

Appellate Counsel for the United States:  Major Roberto Ramírez; Captain Matthew J. Neil; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

ALLRED, Chief Judge:

A general court-martial composed of a military judge convicted the appellant, pursuant to his pleas, of wrongfully receiving child pornography, wrongfully possessing child pornography, and wrongfully possessing child erotica, in violation of Article 134, UCMJ, 10 U.S.C. § 934.  The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 28 months, forfeiture of all pay and allowances, and reduction to E-1.

On appeal, the appellant argues: (1) he is entitled to a new action where the staff judge advocate (SJA) failed to advise the convening authority of two overseas duty assignments; and (2) his plea of guilty was improvident due to his commander's involvement in a search and seizure at his apartment.[1] Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.

*Incorrect Personal Data Sheet*

The personal data sheet (PDS) admitted during trial as Prosecution Exhibit 2 indicated that the appellant had served seven overseas assignments. For reasons unknown, however, the PDS submitted to the convening authority with the staff judge advocate's recommendation (SJAR) listed only five overseas assignments, omitting deployments by the appellant to the Persian Gulf for six months in 1991 (while he was enlisted in the United States Army) and to Saudi Arabia for 150 days in late 2007 and early 2008. Although the SJAR and erroneous PDS were served on the defense, the appellant raised no objection prior to action by the convening authority.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[2] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

In this case, the SJAR included a PDS that incorrectly stated the appellant had only five rather than seven overseas assignments. This was plain or obvious error.[3]

---

[1] The second assignment of error is presented pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

[3] Prior to 2010, Rule for Courts-Martial 1106(d)(3)(C) expressly stated that the staff judge advocate must provide the convening authority with a "summary of the accused's service record." *See Manual for Courts-Martial, United States* (*MCM*), Part II-150 (2008 ed.). In 2010, the rule was modified to eliminate that requirement, although the Drafter's Analysis states this was done to "allow[] for the use of personnel records of the accused instead."

Thus, the only question before us "is whether the [erroneous PDS] resulted in material prejudice to Appellant's substantial right to have a request for clemency judged on the basis of an accurate record." *United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65; (quoting *United States v. Wheelus*, 49 MJ 283, 289 (1998)).

In the present case, the maximum punishment based upon the appellant's guilty plea included a dishonorable discharge and confinement for 20 years and 4 months. The appellant and the convening authority had concluded a pretrial agreement with a confinement limitation of 4 years, and the adjudged and approved confinement was only 28 months. The appellant was convicted of serious offenses involving multiple images of child pornography and child erotica. We see no reasonable possibility that inclusion of the two deployments in the PDS would have influenced the convening authority to act favorably in the appellant's behalf. We do not find any "colorable showing of possible prejudice" from the erroneous PDS. The assignment of error is without merit.

*Providence of Guilty Plea*

The appellant asserts that his plea was improvident due to activity by his commander during a search of his off-base apartment.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007). A military judge abuses this discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). This is an area in which the military judge is entitled to much deference. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F 2008).

To determine if a guilty plea is provident, we look at whether the record presents a substantial basis in law or fact for questioning it. *Id.*; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). At trial, the military judge must (1) ensure the accused understands the facts that support his guilty plea (*what* he did), (2) be satisfied the accused understands the law applicable to his acts (*why* he is guilty), and (3) be satisfied the appellant actually is guilty. *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *Care*, 40 C.M.R. at 250–51).

---

*MCM*, A21-88 (2012 ed.). Regardless of the language of the rule, the information provided to the convening authority must be correct.

In a declaration attached to his appeal, the appellant claims that, in reviewing the record of trial subsequent to his court-martial, he began to recall previously-forgotten events which significantly alter the complexion of his case. When agents from the Air Force Office of Special Investigations (AFOSI) searched his apartment for evidence of child pornography, his unit commander was present. The appellant claims to now remember the commander assisting the AFOSI during the search by looking for a power cord to a laptop they had located.

The appellant indicates he found this behavior by his commander "strange yet shocking." He suggests further he was so disturbed by this action that he lost clarity of thought and will to resist. The appellant asserts:

> Had I remembered [my commander's involvement] prior to the trial, I would have included it in my defense and it would have influenced whether or not to plead guilty. Had this incident never happened during the search and seizure, I strongly believe I would have maintained the right frame of mind to fully comprehend what was going on and the seriousness that goes with it. Also, when read my rights, I would have been able to think with a clear rational mind to choose what's best for me given the current circumstances I was in/facing.

We are not persuaded. Even if we assume that the commander behaved as the appellant claims, and even if we assume that this behavior were somehow improper, any nexus between the commander's assistance in locating a power cord and the appellant's ultimate decision to plead guilty is tenuous at best. At trial, the military judge carefully established that the appellant's plea was free and voluntary. He ensured the appellant understood the facts that supported his guilty plea, that he understood the law applicable to his acts, and that he actually was guilty. We find the plea provident. The assignment of error is without merit.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

ACM 38451

Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38451