# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––––

## No. ACM 40341

––––––––––––––––––––

### UNITED STATES
*Appellee*

**v.**

### Thomas M. SAUL
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

––––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 29 December 2023

––––––––––––––––––––

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged 15 April 2022 by GCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 15 June 2022: Bad-conduct discharge, confinement for 9 months, forfeiture of $1,000.00 pay per month for 9 months, reduction to E-2, and a reprimand.

*For Appellant*: Major Spencer R. Nelson, USAF.

*For Appellee*: Colonel Zachary T. Eytalis, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, GRUEN, and KEARLEY, *Appellate Military Judges*.

Judge GRUEN delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge KEARLEY joined.

––––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––––––

GRUEN, Judge:

A military judge sitting as a general court-martial found Appellant guilty, in accordance with his pleas, of one specification of willfully disobeying a superior commissioned officer in violation of Article 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 890, and one specification of wrongful destruction of non-military property under a value of $1,000.00 in violation of Article 109, UCMJ, 10 U.S.C. § 909.[1] The military judge convicted Appellant, contrary to his pleas, of one specification of wrongful use of a Schedule III controlled substance on divers occasions in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for nine months, forfeiture of $1,000.00 pay per month for nine months, reduction to the grade of E-2, and a reprimand.[2] The convening authority took no action on the findings or the sentence, and denied Appellant's request for waiver of all automatic forfeitures.

Appellant raises two issues on appeal which we reword as follows: (1) whether the military judge abused his discretion when he accepted Appellant's guilty plea to the Article 109, UCMJ, specification; and (2) whether relief is required to correct the staff judge advocate's indorsement to the Statement of Trial Results (STR) that states a firearm prohibition was triggered.[3,4] With respect to issue (2) and consistent with our reasoning in *United States v. Lepore*,

---

[1] All references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant received four months' confinement for disobeying a superior commissioned officer, two months' confinement for wrongful destruction of non-military property, and three months' confinement for wrongful use of a controlled substance on divers occasions—with each period of confinement to run consecutively.

[3] Appellant phrases the second assignment of error as follows:

> Whether the Government can prove 18 U.S.C. § 922 is constitutional by "demonstrating that it is consistent with the nation's historical tradition of firearm regulation" when [Appellant] was not convicted of a violent offense, and whether this court can decide that question under *United States v. Lemire*, 82 M.J. 263 (C.A.A.F. 2022) [(mem.)] or *United States v. Lepore*, 81 M.J. 759 (A.F. Ct. Crim. App. 2021) [(en banc).]

(Footnote omitted).

[4] Although not raised by Appellant, we note that more than 150 days elapsed between the date Appellant was sentenced and the date his record of trial was docketed with this court. This period constitutes a facially unreasonable post-trial delay. *See United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020); *see also United States v. Moreno*, 63 M.J. 129, 135–42 (C.A.A.F. 2006) (citations omitted) (addressing a convicted servicemember's due process right to timely post-trial and appellate review).

we find this court lacks authority under Article 66, UCMJ, 10 U.S.C. § 866, to direct correction of the 18 U.S.C. § 922(g) firearms prohibition in the staff judge advocate's indorsement to the STR. 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc). Therefore, Appellant is not entitled to relief for this issue.

Finding no error that materially prejudiced Appellant's substantial rights, we affirm the findings and sentence.

## I. BACKGROUND

The events that led to the wrongful destruction of non-military property began on 19 February 2021 when Appellant and his wife, AS,[5] argued at their home in Yukon, Oklahoma. As a result of this argument, AS left the house with their children and went to a friend's home. Appellant was upset and began drinking alcohol around 0200 hours on 20 February 2021. At some point thereafter he fell asleep. Later that morning, Appellant awoke between 0800 and 1000 hours. When he awoke, he found his wife and children had returned to the home. Appellant testified that he was still drunk yet was able to converse with his wife coherently.

Appellant was upset that his wife had returned and not wanting her in the home, he told her to leave. Appellant then went to the rental car she was utilizing at the time, which was parked near their garage, turned on the engine and heat, and began demanding his wife take the vehicle and leave. AS refused and informed Appellant that if he insisted, she would call the police. During this dialogue, Appellant slammed his hand down on the windshield with an open palm in frustration, which caused extensive cracking and rendered the vehicle unusable until the windshield was repaired. Appellant later paid to have the windshield professionally repaired.

During the plea inquiry, the military judge questioned Appellant extensively about Appellant's state of "drunkenness" and how that affected, if at all,

---

Appellant has asserted no prejudice from the delay, and we perceive none. Accordingly, having considered the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and finding the delay is not so egregious as to be detrimental to the public's perception of the fairness and integrity of the military justice system, we find no violation of Appellant's due process rights. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 135 (citations omitted). Additionally, recognizing our authority to grant relief for excessive post-trial delay in the absence of a due process violation, we conclude no such relief is warranted. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

[5] During the time of the charged allegations, AS was a noncommissioned officer on active duty in the United States Air Force.

the "willfulness" of his conduct in striking and destroying the windshield of his wife's rental car. After conferring with Appellant, circuit defense counsel stated that voluntary intoxication was not "an issue to find the guilty plea provident." When the military judge asked why that was, circuit defense counsel responded that while Appellant was "certainly drunk" when the offense happened it was "not to a degree where [Appellant] c[ould]n't appreciate the nature of his conduct."

Appellant testified during his plea inquiry that while he intended to hit the windshield forcefully, he did not intend the damage he caused, but understood the natural or probable consequence of his conduct would damage the windshield. He also testified that while he was drunk at the time, he "had control over [his] actions and could have avoided breaking the windshield if [he] had wanted to." He made clear that he "was not so impaired by alcohol that [he] didn't know what [he] was doing." After the windshield was broken, Appellant paid to replace the windshield at a cost of "between $400[.00] and $600[.00]."

## II. DISCUSSION

### A. Law

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citation omitted). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea -- an area in which we afford significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted).

"The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). We apply a "substantial basis" test by determining "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. An appellant bears the "burden to demonstrate a substantial basis in law and fact for questioning the plea." *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (quoting *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004)).

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." Rule for Courts-Martial 910(e). When entering a guilty plea, the accused should understand the law in relation to the facts. *United States v. Care*, 40 C.M.R. 247, 251 (C.M.A. 1969). "An essential aspect of informing

[an appellant] of the nature of the offense is a correct definition of legal concepts. The judge's failure to do so may render the plea improvident." *Negron*, 60 M.J. at 141 (citations omitted).

The record of trial must show that the military judge "questioned the accused about what he did or did not do, and what he intended." *Care*, 40 C.M.R. at 253. This is to make clear to the military judge whether the accused's acts or omissions constitute the offense to which he is pleading guilty. *Id.* "If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (internal quotation marks and citation omitted).

"[W]hen a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the [G]overnment." *United States v. Arnold*, 40 M.J. 744, 745 (A.F.C.M.R. 1994) (citation omitted). "This [C]ourt must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient." *Hines*, 73 M.J. at 124 (internal quotation marks and citation omitted).

In reviewing the providence of an appellant's guilty pleas, "we consider his colloquy with the military judge, as well [as] any inferences that may reasonably be drawn from it." *United States v. Timsuren*, 72 M.J. 823, 828 (A.F. Ct. Crim. App. 2013) (quoting *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007) (citation omitted)).

Article 109, UCMJ, states: "Any person subject to this chapter who willfully or recklessly wastes, spoils, or otherwise willfully and wrongfully destroys or damages any property other than military property of the United States shall be punished as a court-martial may direct." 10 U.S.C. § 909.

The specification for which the military judge found Appellant guilty stated that Appellant

> did, at or near Yukon, Oklahoma, on or about 20 February 2021, willfully and wrongfully destroy a vehicle windshield, of a value under $1,000[.00], the property of Avis Rental Car.

Article 109, UCMJ, "proscribes the willful and wrongful *destruction or damage* of the personal property of another. To be destroyed, the property need not be completely demolished or annihilated, but must be sufficiently injured to be useless for its intended purpose. Damage consists of *any physical injury* to the property." *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 45.c.(2) (emphasis added).

**B. Analysis**

Appellant contends his guilty plea is not provident because the providence inquiry was not sufficient to support a conviction under Article 109, UCMJ. Specifically, he claims that even though he intended to hit the windshield of the rental car with his hand, he did not intend the damage he ultimately caused to occur. It is well established in law that the "intent to cause certain results can be established by evidence that such results flow naturally and probably from the action that was taken." *United States v. White*, 61 M.J. 521, 523 (N.M. Ct. Crim. App. 2005) (internal quotation marks and citation omitted). It is a longstanding legal principle that "as a rule of circumstantial evidence, a court-martial is certainly free to infer that a sane person intends the natural and probable consequences of his conduct." *United States v. Hoyt*, 48 M.J. 839, 842 (N.M. Ct. Crim. App. 1998) (quoting *United States v. Christensen*, 15 C.M.R. 22, 25 (C.M.A. 1954)). At trial, there was no question regarding Appellant's sanity.

During the plea inquiry, the military judge inquired extensively into whether Appellant's state of drunkenness might present him a defense. That question was fleshed out and determined in the negative with no objection by Appellant. The military judge also explored the "willfulness" element, inquiring extensively into whether the qualified admission by Appellant that he intended to strike the windshield with force, but he did not anticipate or intend the actual damage he caused, affected the providency of the plea. In that connection, Appellant was clear in the plea inquiry that he "did intend to hit the windshield" with a "large amount of force" and that he "had control over [his] actions and could have avoided breaking the windshield if [he] had wanted to." In a colloquy between the military judge and circuit defense counsel, the military judge inquired into the "natural consequences" aspect of the law on this issue and circuit defense counsel replied:

> [I]f you were to ask [Appellant], what was it your specific intention to completely destroy the windshield, like when you set out, when you were angry, I think the answer would be no, like [he] didn't strike it with the intent of making it completely unusable or annihilate it, but it is, did you have the intent of very forcefully hitting this windshield with, you know, reckless disregard for the consequences or with full knowledge of the likely consequences of your actions? The answer is squarely yes. That was [his] intent, [he] wanted to hit it, [he] recognized when [he] was using that force that was a very real possibility that it would damage. . . .

After this colloquy with circuit defense counsel, the military judge took a break to review cases on point counsel provided him. The judge carefully considered the "willful" aspect of Article 109 and wanted to be certain Appellant understood the law regarding the charged offense to which he was pleading guilty. In this connection, the following colloquy between the military judge and Appellant occurred:

> [Military Judge (MJ)]: So, let me ask you this, Sergeant Saul, can you say that you intended to strike the windshield?
>
> [Appellant]: Yes, Your Honor.
>
> MJ: Do you agree that you striking the windshield, and the windshield cracking out and spidering [ ] like it did is a natural consequence of you striking the windshield? Or a probabl[e] consequence?
>
> [Appellant]: Yes, Yes, Your Honor.
>
> MJ: Okay. I kind of spoke over you, so I want to make sure it's clear; do you agree that you smacking the windshield, a natural consequence of that action is that the windshield will spider out?
>
> [Appellant]: Yes, Your Honor.
>
> MJ: And therefore, be destroyed as I've defined it for you?
>
> [Appellant]: Yes, sir.

The record establishes that Appellant's frustration led him to purposely strike the windshield of the rental car with a "large amount of force"—that was in fact the direct object of his action. Additionally, Appellant confirmed during the plea inquiry that it was highly foreseeable that a natural or probable consequence of his conduct would be damage to the windshield. The military judge made a substantial inquiry of Appellant in order to satisfy himself that there was a factual basis for the plea. This court must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient and we find no such substantial conflict. Viewing the facts in the light most favorable to the Government, we therefore find the military judge did not abuse his discretion when he found Appellant guilty of the offense of Article 109, UCMJ, according to his pleas.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court